UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALENT TREE CRYSTAL, INC.,

       Plaintiff,

                                       File No. 1:04-CV-875

v.

                                       HON. ROBERT HOLMES BELL

DRG, INC.,

       Defendant.
                                        /

## **O P I N I O N**

The matter before the Court is Defendant DRG, Inc.'s ("DRG") request for a trial by jury. Plaintiff Talent Tree Crystal, Inc. ("Talent Tree") seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. This action arises out of a dispute about a franchise agreement between the two parties. In their answer, DRG requested a trial by jury. At the scheduling conference, the Court allowed the parties to brief this issue. For the reasons set forth below, the Court denies DRG's request for a trial by jury.

**I.**

Talent Tree is a temporary employee staffing business. In 1991, DRG became a franchisee of Talent Tree. On December 6, 2000, Talent Tree and DRG agreed to a five-year Franchise Agreement which required, among other things, that, prior to hiring a staff employee, "FRANCHISEE [DRG] will obtain [Talent Tree's] approval and will require the person to execute a form of employment agreement that is acceptable to [Talent Tree], that

is separately enforceable by [Talent Tree], and that contains covenants against unauthorized disclosure and competition with the Franchise Network." (Docket #1, ¶ 7). In addition, temporary employees used by the Franchisee had to sign an agreement of confidentiality and, if employed longer than 90 days, sign a covenant against competition. (Docket #1, ¶ 8). The Franchisee had 10 days to send the required documents to Talent Tree once an employee was hired. (Docket #1, ¶ 7-8).

According to Talent Tree's Complaint, when it requested these documents on September 9, 2004, DRG failed to supply employee agreements that satisfied the requirements of the Franchise Agreement and did not send any agreements for certain employees, including the children of the owners of DRG ("Gill Children"). (Docket #1, ¶ 9-11). DRG claimed employee agreements were not needed for the Gill Children because 8(h) of the Franchise Agreement contains a covenant against competition applicable to immediate family members of the owners. (Docket #1, ¶ 13). Talent Tree found this claim unacceptable.

On December 9, 2004, Talent Tree sent a Notice of Default and a supplemental Notice of Default (for the Gill Children) to DRG. (Docket #1, ¶ 14-15). Talent Tree demanded that DRG provide them with employee agreements from its staff and a written acknowledgment of binding from the Gill Children within thirty days or DRG's Franchise Agreement could be terminated. *Id*. On December 22, 2004, DRG responded that it was in compliance with the Franchise Agreement and refused to provide the documents Talent Tree requested.

(Docket #1, ¶ 17). Consequently, Talent Tree filed a declaratory judgment action against DRG.

In this action, Talent Tree seeks "an Order declaring that DRG has breached the Franchise Agreement, and that the Franchise Agreement is terminated effective January 10, 2005, unless the breach is cured on or before that date. Talent Tree further seeks such other relief that the Court deems just and proper." (Docket #1, ¶ 19). Talent Tree claims that DRG breached paragraph 5(g) of the Franchise Agreement by failing to provide satisfactory employee agreements and failing to provide employee agreements for certain employees. Under 8(e) of the Franchise Agreement, when DRG received the default notices indicating that "Franchisee has failed to comply with the terms of the Agreement, as supplemented by the Materials, it [had] 10 days to cure the breach and to prove such cure to [Talent Tree]." (Docket #1, Exhibit 1, ¶ 8(e)). Paragraph 8(e) also explains that failure to cure the breach will result in the termination of the Franchise Agreement. *Id.* Thus, Talent Tree asks the Court to declare DRG breached 5(g) of the Franchise Agreement and the Agreement is consequently terminated under 8(e) unless the breach is cured on or before January 10, 2005.

**II.**

A declaratory judgment action does not alter the Court's standard for the right to a jury trial. If the right to a jury trial exists, that right is preserved. *Beacon Theatre, Inc. v. Westover*, 359 U.S. 500, 502 (1959). The declaratory relief sought, which may be equitable or legal, determines existence of the right. If the underlying action is equitable then there is

3

no right to a jury trial. *Robinson v. Brown*, 320 F.2d 503, 504-505 (6th Cir. 1963). Thus, it must be shown that the underlying action is legal for the jury trial request to be granted.

The Court determines if there is a right to a trial by jury by using a two-step inquiry. First, is the plaintiff's claim historically legal or historically equitable? *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996). The Court must find the claim to be historically legal before proceeding to the second step. Second, is the relief plaintiff seeks equitable or legal? *Id.* at 660. If the relief sought is legal, the right to trial by jury exists. A claim for equitable relief, however, may include legal aspects. For example, if the remedy of specific performance, an equitable remedy, is sought and includes some relief of monetary value, the monetary relief is considered incidental. *Id.* at 661 ("A court does not err in denying a jury trial where the monetary award sought is incidental to, or intertwined with, equitable relief. It does err when it denies a jury trial because of its determination that *legal issues* in the case are merely incidental to equitable ones") (emphasis in original). Furthermore, the determination of whether the relief is equitable or legal is more important than the plaintiff's claim of breach and thus is dispositive. *Id.* at 659-60 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

While a claim of breach of contract can be historically legal, if the relief sought is equitable then there is no right to a trial by jury. "An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court."

4

*Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (holding that right to jury trial was unavailable where plaintiffs sought to enforce a contractual settlement agreement) (quoting *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3rd Cir. 1979)). The Sixth Circuit's decision in *Golden* is instructive on the disposition of this case. In *Golden*, the plaintiffs, who sought to reinstate their health insurance benefits under the Labor-Management Relations Act ("LMRA"), requested a trial by jury. 73 F.3d at 652. Under the two-step inquiry, the court first determined the plaintiffs' claim was "analogous to a breach of contract action," which historically is a legal issue. *Id*. at 659-60. Next, the court determined the plaintiffs' were seeking an equitable remedy, specific performance, because they wanted the court to declare the defendants were contractually obligated to provide the health insurance benefits. *Id*. at 660. Because the remedy was equitable, the court denied the plaintiffs' request for a trial by jury. "Because according to Supreme Court precedent the second inquiry is more important than the first in determining whether the plaintiffs assert legal rights, we conclude that the plaintiffs do not assert legal rights in this case." *Id*. at 661.

Here, Talent Tree claims DRG breached the Franchise Agreement contract when DRG failed to submit employee agreements to Talent Tree in a satisfactory manner and for all of DRG's employees as stated in 5(g) of the Franchise Agreement. Essentially, as in *Golden*, Talent Tree seeks a declaration that DRG is contractually obligated to provide employee agreements and, based on the failure to do so, breached the contract, resulting in termination.

5

The Court must use the two-step inquiry to determine if there is a right to a trial by jury as requested by DRG.  First, like *Golden*, this is similar to a breach of contract action because Talent Tree claims DRG breached the Franchise Agreement.  73 F.3d at 660.  Because a breach of contract is historically a legal action, the right to a trial by jury is momentarily preserved.  Second, also similar to *Golden*, Talent Tree asks the court to allow the contract to be specifically performed.  *Id*.  Thus, Talent Tree seeks an equitable remedy.

> [W]hen a proceeding is equitable in nature or seeks only equitable relief, a jury trial is not required even though the proceeding is based on a contract or involves contract rights. Thus actions seeking specific performance of a contract, or seeking to enforce a contract by injunctive relief, being equitable, do not give rise to a right of jury trial even though issues as to the existence, validity and/or breach of a contract necessarily arise in such cases.

*Rosenman Colin Freund Lewis & Cohen v. Richard*, 656 F. Supp. 196, 199 (S.D.N.Y. 1987), citing *Oasis Oil & Refining Corp. v. Armada Transport & Refining Co.*, 719 F.2d 124, 125-26 (5th Cir. 1983); *Klein v. Shell Oil Co.*, 386 F.2d 659 (8th Cir. 1967).  Consequently, DRG does not have a right to a jury trial and their request is denied.

DRG's reliance upon *Fischer Imaging Corp. v. General Elec. Co.*, 187 F.3d 1165 (10th Cir. 1999), is misplaced.  First, *Fischer* is not binding upon this Court.  Second, this case is distinguishable from *Fischer* because the remedy sought can be determined.

In *Fischer*, the court initially used the same two-step inquiry as the *Golden* court to determine if a right to a jury trial existed.  The *Fischer* court departed from this standard when the remedy could not be determined.  *Id*. at 1171.  "After considering the parties'

arguments regarding legal versus equitable relief, it is apparent that this case does not fit neatly into either category. In the hopes of resolving the dilemma, we next consider how this case might have come to the court absent declaratory judgment procedures." *Id.* The court proceeded to create several potential scenarios in order to determine the nature of the remedy sought. *Id.* at 170-71. These potential scenarios do not have to be considered if the court can determine whether the relief sought is equitable or legal. Unlike *Fischer*, the remedy sought by Talent Tree is clear: specific performance of the contract. *Fischer* is not applicable to this case. Under the Declaratory Judgment Act, DRG does not have a right to a jury trial because the remedy sought is equitable. *Golden*, 73 F.3d at 660; *Robinson*, 320 F.2d at 505. Accordingly, DRG's request for a trial by jury must be denied. An order consistent with this opinion will be entered.


Date:    August 11, 2005            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE